UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JAMEY HODGE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 09-416-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Jamey Hodge's motion for attorney fees following remand of this matter to the Commissioner of Social Security for further administrative proceedings. [Record No. 15] On October 6, 2010, the Court directed Hodge to provide a copy of all fee agreements with his counsel, demonstrating that fees have actually been incurred in connection with the order of remand. Defendant Michael J. Astrue, Commission of Social Security, was given time to reply following the Plaintiff's supplemental filing. However, based on the information contained in Plaintiff Supplemental Memorandum [Record No. 17], the Court does not believe that a reply is needed to address the plaintiff's motion for attorney fees. Having reviewed the plaintiff's response, the Court will deny the motion.

-1-

# I.

Hodge filed this action on December 30, 2009, seeking review of final administrative decision of the Social Security Administration which denied his request for Supplemental Security Income benefits. [Record No. 1] At the time the action was instituted, the plaintiff also sought and received permission to proceed *in forma pauperis*. [Record Nos. 2, 3]

Hodge moved for summary judgment on May 6, 2010, in accordance with the standard scheduling order filed in social security appeals in this district. [Record Nos. 8, 9] On June 7, 2010, the Commissioner sought additional time to file his motion for summary judgment. [Record No. 10] The Court granted the Defendant's unopposed motion and the Commissioner was given an additional thirty days to move for summary judgment. [Record No. 11] However, on July 7, 2010, the Commissioner moved the Court to remand this action for further administrative proceedings. [Record No. 12] In support of his motion, the Commissioner asserted that remand was needed to allow the Administrative Law Judge assigned to the matter to:

> reevaluate Plaintiff's residual functional capacity for light work in light of the functional limitations identified by Dr. Fritzhand and the state agency physician, especially with respect to the finding that Plaintiff needs to alternate sitting and standing. The ALJ should discuss the weight he accorded to the functional limitations identified by Dr. Fritzhand. If the ALJ decides not to adopt Dr. Fritzhand's findings, the ALJ should articulate reasons for rejecting Dr. Fritzhand's findings. . . .

[Record No. 12, p. 2]

In light of the Commissioner's concession that remand was warranted, his motion was granted and this matter was returned to the agency for further administrative proceedings in

accordance with sentence four of 42 U.S.C. §405(g). [Record No. 13] In response to the Court's Order of remand, Hodge moved for an award of attorney fees of $3,288.75 under the Equal Access to Justice Act, 28 U.S.C. §2412, *et seq*. In support of this request, the plaintiff submitted an Itemized Time Statement outlining the activities performed by his attorney and paralegal [Record Nos. 15-2, 15-3] and a document captioned "Agreement and Assignment" dated October 1, 2010 [Record No. 15-3]. Pursuant to the Agreement and Assignment, Hodge purported to assign to Appalachian Research and Defense Fund of Kentucky, Inc., "all attorney's fees that may be awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412" in this action. [*Id.*]

After reviewing the plaintiff's motion for attorney fees, the Court directed his counsel to file a copy of all fee agreements concerning representation in the matter. Citing *Turner v. Astrue, Commissioner of Social Security*, 2101 U.S. Dist. LEXIS 96561 (E.D. Ky., Sept. 14, 2010), the undersigned noted that the Plaintiff had not demonstrated that he had actually incurred any fees at this time. [Record No. 16]

In response to the Court directive, the plaintiff's attorney filed a Supplemental Memorandum outlining the fee arrangement with Hodge. According to counsel, the Agreement and Assignment executed *after* this matter was remanded for further administrative proceedings "is the only fee agreement between Plaintiff and Counsel." [Record No. 17] As counsel further explained,

> Plaintiff's attorney is employed by the Appalachian Research and Defense Fund of Kentucky, Inc., a legal aid office in Somerset, Kentucky, which waives their right to collect a fee from any payments the claimant receives

> under the Social Security Act. . . . The waiver of fees does not apply to fees awarded under the Equal Access to Justice Act.

[*Id.*] The attorney representing Hodge further asserted in her Supplemental Memorandum that this Court should not apply *Turner* to this matter because that case is not yet final.

**II.**

In *Turner v. Astrue*, *id.*, District Judge Amul R. Thapar of this Court addressed the exact issue presented here. That is, whether a claimant seeking an award of social security benefits has "incurred" attorney fees within the meaning of the Equal Access to Justice Act even though he is not yet contractually obligated to pay his attorney? After thoroughly and painstakingly examining the statutory framework of the Social Security Act and the Equal Access to Justice Act and after considering all relevant authorities, Judge Thapar reached the correct and logical conclusion: No. The undersigned joins in Judge Thapar's analysis and concludes that where, as here, a person seeking social security benefits is not contractually obligated to pay his attorney any fees for legal services performed as a result of a remand for further administrative proceedings, neither he nor his attorney may seek an award for legal services under the Equal Access to Justice Act. The fact that *Turner* is not yet final does not alter the strength or persuasiveness of the opinion.

**III.**

It is hereby **ORDERED** that the plaintiff's motion for attorney fees [Record No. 15] is **DENIED**.

This 18th day of October, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge